The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Does the Retirement and Pension Board of the Department of Public Safety have authority under 47 O.S. 2-302 [47-2-302] (1975) to allow retroactive contributions by an employee? The authorization for establishment of a pension and retirement fund and the board for its administration is found at 47 O.S. 2-301 [47-2-301] et seq. (1975). To construe the rights established by a pension plan the particular language must be interpreted. 47 O.S. 2-302 [47-2-302] defines the group of employees eligible to join the pension and retirement plan upon filing of a written application. It is clear that the eligible employee is not required to join, but may become a member by the filing of a written application. The fund in question is a voluntary one which since the amendment of the authorizing statute in 1975 had no provision for retroactive contributions. 47 O.S. 2-304 [47-2-304], which defines the Retirement and Pension Board's scope of authority, states that the Board: ". . . Shall approve such application and shall certify the membership of such applicant to the departmental auditor, who shall, thereafter, deduct the monthly membership contribution provided for herein. . . ." (Emphasis added) Pursuant to 47 O.S. 2-304 [47-2-304], the Board has no authority to require or allow membership until a written application is filed. Therefore, it is the official opinion of the Attorney General that due to the voluntary nature of the fund, the fact that an employee did not file a written application because of a mistaken belief is irrelevant without a retroactive payment provision or a grant of equitable latitude to the Retirement and Pension Board in 47 O.S. 2-301 [47-2-301] et seq. (1975). (C. ELAINE ALEXANDER) (ksg)